No. 841

## UNION NEWS CO. v. FREEBORN

Ohio Appeals, 8th District, Cuyahoga County
No. 4613. Decided Oct. 22, 1923

**78. CARRIERS.**

Community of interest between passenger and restaurant in union depot makes passenger using slippery stairway therefrom invitee—Jury entitled to determine negligent character of depot operations.

SULLIVAN, J.

### Epitomized Opinion

This was an action for personal injuries brought against the Union News Co. The evidence disclosed that Ella Freeman slipped and fell while going up a flight of stairs leading from a restaurant in the Union Depot in Cleveland, to the exit leading to the train in the general waiting room. She had gone into the restaurant to make certain inquiries concerning a train for Painesville. The place where she fell was very slippery, due to the fact that one of the agents of the Union News Co. had washed the steps with soapy water while the plaintiff was in the restaurant. The evidence also disclosed that the restaurant was maintained in conjunction with the rest of the depot for the general use of the public, and that the defendant had control of the building. As the jury returned a verdict for the plaintiff in the sum of $5,000, the

defendant prosecuted error. In sustaining the judgment of the lower court, the Court of Appeals held:

1. As there was a community of interest between the passengers and the restaurant, the plaintiff was an invitee.

2. As the plaintiff was injured through the active operations of the defendant, the jury was entitled to consider them in order to determine whether they were of a negligent character.

**Attorneys**—Treadway & Marlatt, for defendant; Payer, Winch, Minshall & Karch, plaintiff.

---

No. 842

## AUBLEY v. NOVOGRODER

Ohio Appeals, 8th District, Cuyahoga County
No. 4611. Decided Oct. 22, 1923

**107. CONTRACTS.**

Description regarding size of real estate need not be exact to make contract to sell binding.

VICKERY, J.

### Epitomized Opinion

Plaintiff, who owned land, gave to defendant, for $200, an option to purchase within thirty days on certain terms. In the option the land was described as being "about one hundred and thirty-five feet more or less" in depth. Defendant did not exercise the right of option. Several months afterward defendant put the option on record at the county recorder's office. This suit was brought to remove the cloud from the title. Defendant filed a cross-petition to recover the $200 and for $2,000 damages because the land was in fact only 100 feet in depth. The Common Pleas denied the prayer of the petition and entered a decree quieting title. Defendant appealed to this court. Held:

Where the terms "about" or "more or less" are used the courts go to great length in putting the purchaser on his guard and in holding him to his contract. The $200 was properly held to be forfeited. The entry quieting title was proper. Decree for plaintiff.

**Attorneys**—Herrick, Hopkins, Stockwell & Benesch, for plaintiff; Scott & Bissell, for defendant.